**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10258 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00348-MHP-1 |
| v. | |
| CARLOS ASPRILLA, | ORDER AND MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted March 14, 2012
San Francisco, California

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, sitting by designation.

The memorandum filed on March 27, 2012 is WITHDRAWN.[1]  The memorandum below is filed to replace it:

Carlos Asprilla appeals the district court's denial of his motion for suppression of evidence and his subsequent conviction, after a bench trial, for having violated 18 U.S.C. § 922(g)(1), which prohibits felons' possession of firearms.  The parties are familiar with the facts underlying the appeal and thus we do not include them save as necessary.

Asprilla argues that the search of his person pursuant to a warrantless search condition imposed pursuant to his probation agreement, which led to the discovery of a gun in Asprilla's waistband and a magazine in his jacket pocket, violated the Fourth Amendment.  He also argues that the subsequent search of his girlfriend's apartment, which uncovered another magazine, violated the Fourth Amendment.

Whether or not reasonable suspicion is required to search a probationer subject to a warrantless search condition, the search of Asprilla's person did not violate the Fourth Amendment as the police had reasonable suspicion to search Asprilla's person.  *United States v. Knights*, 534 U.S. 112, 121 (2001).  The police had an anonymous tip that, *inter alia*, Asprilla lived at his girlfriend's apartment on

_____

[1]  The petition for rehearing en banc filed by Asprilla is hereby denied as moot.  The parties may file a new petition for rehearing or for rehearing en banc based on the replacement disposition.

2

Ingalls Street, that Asprilla and his girlfriend owned certain cars, and that Asprilla had a gun. Police investigation corroborated the tip's statements about where Asprilla lived and what cars he and his girlfriend drove. The police saw Asprilla driving a car registered to the owner of the Ingalls Street apartment and watched him park it at the apartment. The police also saw a car registered to Asprilla parked at that apartment. The description of the cars matched the description given in the tip. The fact that this tip was otherwise corroborated contributed to reasonable suspicion. *United States v. Alvarez*, 899 F.2d 833, 837 (9th Cir. 1990). The police also knew Asprilla was affiliated with a gang. Finally, when the police approached Asprilla, he turned and walked quickly in the other direction. *See United States v. Santamaria-Hernandez*, 968 F.2d 980, 983 (9th Cir. 1992). These facts in combination were sufficient to rise to the level of reasonable suspicion that Asprilla had a gun.

In addition, the search of his girlfriend's apartment did not violate the Fourth Amendment because there was probable cause to believe that Asprilla resided there. *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006). The anonymous tip had specified that Asprilla lived at his girlfriend's apartment on Ingalls Street in an apartment matching the location of a parking lot near the apartment and a description of the apartment searched. As discussed above, this

tip had been largely corroborated. Further, by the time the police searched the apartment, the tip had been further corroborated by the fact that, as the tipster said, Asprilla did have a gun on his person. In addition, the police twice saw Asprilla at the apartment and, on the second occasion, saw him open the door to a friend and remain inside some time. The police also saw that Asprilla had a set of keys to the apartment and watched Asprilla use the keys to open the apartment door. *See United States v. Harper*, 928 F.2d 894, 896–97 (9th Cir. 1991).

Because there was reasonable suspicion to search Asprilla's person and because probable cause existed that he was residing at his girlfriend's Ingalls Street apartment, we need not consider whether the search was alternately justified by exigent circumstances.

**AFFIRMED.**